The opinion of the Court was afterward drawn up by
Parker C. J.
We regret to find the controversy still open between these parties. It was confidently hoped, after the last decision, that an amicable termination of the relation between them would have taken place. No minister of the gospel can expect to administer successfully his sacred functions to a people who have signified and persevered in their dislike to Iris person and his doctrines to such a degree and in such a man *169 ner as has been shown in this instance. Not that we should wish that a minister should abandon his charge and rights on slight or frivolous disagreements ; but where a settled hostility has existed for years, and the minister has been excluded from his pulpit and continues to preach to a few to entitle himself to recover his salary, rather than with an expectation of doing good, and where council after council, although their proceedings may be technically informal, have given their solemn advice in favor of a dissolution of the connexion, we think it better comports with the spirit of the gospel of peace that si: h advice should be followed upon reasonable compensation, than that a repetition of lawsuits between a minister and the people should be witnessed by the public in our courts of justice. But we are not an advising body. The parties put themselves upon the law, ai d we must declare it, with an equal view to the legal rights c f the parties.
It is somewhat surprising, that warned by the decision of this Court in the former action, there should not have been more attention to regularity in the subsequent proceedings which have been the subject of inquiry in the trial of this action.
In regard to the right to call an ex parte council, we think, that when asked to agree on a mutual council, the minister ought to have a general statement of the grounds and reasons of the call upon him ; not in a precise technical form, but substantially set forth so that he may exercise his judgment whether to unite in a council or not. For if the charges should be of a frivolous nature, he is not obliged to submit them to inquiry ; and if they are serious and weighty, he ought to have opportunity to offer a relinquishment of his office without such inquiry.
If the application to the plaintiff had been regular in this particular, we think his conditional answer would and ought to be taken to be a refusal, for he had no right to impose any conditions, and a jury, under such circumstances, would .probably find that his refusal was unreasonable.
But there is a fault in the result of the council, which deprives it of any legal effect. They have not made known what was the true ground of their decision. They find only, that some of the charges were proved, without specifying which *170 of them. Now as some of the charges do not of themselves furnisli ground of compulsory removal, it may be, for aught the record shows, that these alone were proved. The results of ecclesiastical councils in relation to the dissolution of such contracts, are never binding and conclusive, unless assented to by the parties, until after they are sanctioned by legal adjudication in a court of law. It is therefore necessary that their proceedings should be so far formal, as to enable the Court to judge whether they have acted with some regard to the rights of the party accused. Their adjudication ought to show sufficient grounds to malee it legal and valid. In such a result as is now before us, how can we know whether any thing was proved which gave them authority to recommend a dismission, which should be obligatory ?
But there is another objection to the result, which we think is fatal. Ex parte councils should be composed of those who are presumed to be impartial and who have not prejudged the case. If there he a mutual council, no objections can be taken to the individuals composing it, unless some partiality can be proved. But when there is an ex parte council, it is especially important that all the members should be free from prepossession. Now it appears that three of the ministers of this council had been on a previous council, which had come to a result unfavorable to the plaintiff. The case on both hearings was substantially, if not in point of form, the same. How can we suppose that these gentlemen were not influenced by the former hearing and opinion ? It is contrary to the first principies of justice, that a man’s case should be tried by those who have already decided it against him. Without doubt these gentlemen believed they could act with impartiality and without reference to preconceived opinions. But the laws look to the common principles of action in mankind, and not to the extraordinary instances of magnanimity which may enable some few to rise above the common feelings and prejudices of their race.
' We think, for this cause, the result cannot be admitted to affect this trial. And for the above causes, according to the agreement of the parties, the defendants must be defaulted.